**\*\*NOT FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HAUTZ CONSTRUCTION, LLC, | : |
| Plaintiff, | : Civil No. 12-3478 (FLW) |
| v. | : OPINION |
| H&M DEPARTMENT STORE, et al., | : |
| Defendants. | : |

Presently before the Court is a motion for reconsideration brought by Plaintiff Hautz Construction, LLC ("Hautz"), seeking reconsideration of this Court's November 20, 2012 decision holding that Plaintiff's claims are subject to arbitration in Wisconsin. For the following reasons, Plaintiff's motion is DENIED.

**I.     BACKGROUND**

As explained in more detail in the Court's November 20th decision, this breach of contract action was brought by Plaintiff against Defendants H&M Hennes & Mauritz LP, incorrectly identified as H&M Department Store a/k/a Hennes & Mauritz, LP ("H&M" or "Owner") and Lakeview Construction ("Lakeview") (collectively, "Defendants"). The gist of Plaintiff's suit is that Defendants failed to make payments allegedly owed for subcontract work performed by Hautz in connection with the construction of an H&M Department Store in Freehold, New Jersey. The suit was initially brought in state court before The Honorable Phillip S. Paley, Judge of Superior Court of New Jersey, Law Division, Middlesex County ("State Court

Judge"). While in state court, Defendants moved to compel arbitration but their motion was denied by the State Court Judge. Once the suit was removed to this Court, Defendants moved to reconsider the State Court Judge's arbitration ruling.

This Court granted Defendants' motion for reconsideration and held that, by operation of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, Plaintiff's claims were subject to arbitration. The Court, further, relied upon the forum-selection clause in the parties' subcontract to conclude that the arbitration should be held in Wisconsin. In this connection, the Court addressed Plaintiff's arguments that, as a New Jersey-based company, Wisconsin was too inconvenient for it. The Court held that Wisconsin law governed this unconscionability question and determined that Plaintiff had not demonstrated substantive or procedural unconscionability under that state's law. Accordingly, the Court ruled that the arbitration should take place in Wisconsin.[1]

Plaintiff now moves for reconsideration of the Court's November 20th decision, arguing that the Court should consider "new" evidence related to Plaintiff's unconscionability argument. Plaintiff further argues that the Court failed to properly apply Wisconsin law.[2]

---

[1] In so ruling, the Court noted that it did not appear to have authority under the FAA to direct the parties to arbitration. For that reason, rather than compelling arbitration, the Court dismissed Plaintiff's suit so that arbitration could proceed in accordance with the parties' subcontract.

[2] The Court notes that its decision is based upon the moving and opposition papers submitted by the parties. Defendants have also supplemented the record with a recent ruling by an arbitrator that has already begun to hear this matter. The Court does not base its decision upon this supplemented information, although it serves to buttress the Court's decision. In addition, while the Court welcomed an update on the arbitrator's ruling, the parties inappropriately incorporated additional argumentation in their submissions relating to that ruling. The Court does not consider these additional arguments.

## II.     STANDARD OF REVIEW

Local Rule 7.1(i) allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion.  L. Civ. R. 7.1(i).  The burden on the moving party, however, is quite high.  The movant must demonstrate either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).  The Court will grant such a motion only if the matters overlooked might reasonably have resulted in a different conclusion.  *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F.Supp.2d 610, 613 (D.N.J. 2001) *rev'd on other grounds by* 475 F.3d 524 (3d Cir. 2007).

## III.    DISCUSSION

Plaintiff's motion for reconsideration does not challenge the Court's ruling on arbitrability, but focuses solely on whether Wisconsin is the appropriate forum.  With respect to this issue, I ruled in my November 20th decision as follows:

> Finally, Plaintiff argues that the forum-selection aspect of the arbitration clause renders it unconscionable because, as a New Jersey company, arbitration in Wisconsin is inconvenient.  Since the subcontract calls application of Wisconsin law, I apply that state's unconscionability law.  "The rule of law in Wisconsin is that a forum selection clause is enforceable unless the contract provision is substantively unreasonable in view of the bargaining power of the parties."  Wisconsin courts have upheld forum selection clauses where the forum of choice is the location of the defendant's headquarters and where, on the plaintiff's side, there is only one primary witness who would be required to travel.
>
> In this case, Defendant H&M is located in Wisconsin and it appears that Plaintiff could participate in the Wisconsin arbitration via telephone.  Moreover, Plaintiff is already participating in an arbitration in Wisconsin brought by Lakeview against it.  Hence I find that "there would be no major personnel or financial impact

3

>       on [the Plaintiff]" for it to proceed in the Wisconsin forum on this matter as well.
>
>       In this connection, the Court notes that all three parties are in distinct locations—Plaintiff in New Jersey; H&M in New York; and Lakeview in Wisconsin. Wherever the arbitration were held, one of the parties would be required to travel. Here, where the subcontracts explicitly provide that the arbitration must be held in Wisconsin, Plaintiff has not shown it will suffer a great travel inconvenience that cannot be overcome—either by Mr. Hautz, Hautz's principal and key witness, traveling on his own or being available by phone.
>
>       Furthermore, Plaintiff has not asserted that it lacks business acumen, or that the arbitration clause was printed in small print or otherwise difficult to comprehend. Indeed, it is in the same font and print as the remainder of the terms and conditions. Thus, I see no basis for concluding that the forum selection clause is unconscionable under Wisconsin law.

November 20th Opinion at 14-15  (internal citations omitted).

Dissatisfied with the Court's ruling, Plaintiff urges the Court to consider facts "not known to the Court at the time of the Defendants' initial motion for reconsideration." Pl. Mov. Br. at 2. According to Plaintiff, while his papers and arguments before the Court on Defendants' motion raised the issue of situs "in passing," had the question of situs "constituted the issue before the Court, he would have presented additional facts in support of his argument that Wisconsin is too inconvenient a forum." *Id.* at 3. In his view, since the initial ruling by the State Court Judge did not address Wisconsin as a potential situs of the arbitration, and Defendants' moving papers on the motion for reconsideration did not address whether Wisconsin or New Jersey was the proper forum,  he should be granted leave now to supplement his prior arguments as to situs. *Id.*

4

The Court is both perplexed and troubled by Plaintiff's argument. On the one hand, Plaintiff candidly acknowledges that he raised the issue of situs in his opposition papers on Defendants' motion. Yet, on the other hand, he suggests that he was not given the opportunity to fully brief the issue because, by matter of his own choice, he addressed the issue only "in passing." As an initial matter, I reject Plaintiff's insinuation that he was not given a full and fair opportunity to address the issue. Not only was Plaintiff the master of his own opposition, where he had the leeway to make the Court aware of any pertinent facts relevant to situs, the Court also addressed this issue with Plaintiff at oral argument on Defendants' motion, at which time Plaintiff's Counsel agreed that he was arguing that it would be unfair to arbitrate in Wisconsin because the forum selection clause was placed among other boilerplate provisions in the subcontracts.

More to the point, reconsideration is not a vehicle by which parties may more fully address arguments already made to the Court. This is not a case where the Court ruled on the situs *sua sponte* without any input from the parties. *Compare Barone v. Brown*, 126 F.Supp.2d 805 (D.N.J. 2001) (relaxing rule against newly presented facts where petitioner did not have a full opportunity to address the issue of the collateral consequences of his conviction before the court entered a *sua sponte* dismissal order). To the contrary, Plaintiff himself raised the question of situs in his briefing, *see* Pl. Opp. to Def. Mot. Recon. at 6-9 ("the Wisconsin location for arbitration is unreasonable and unenforceable."), and he was granted the opportunity to address the issue in more detail at oral argument. Hence any failure to present all pertinent facts to the Court is of Plaintiff's own doing and is not a sufficient basis for granting reconsideration. *Accord Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47 (D.N.J. 1994) (affirming Magistrate Judge's

denial of reconsideration where respondent argued that the defendant failed to raise certain issues in its original motion papers and reply brief, thereby depriving the respondent "a full and fair opportunity to address to those issues raised by the Court for the very first time during oral argument.").

In this regard, it is important to note that all but one of the facts Plaintiff now urges the Court to consider are not "new" facts—they are merely facts that he either simply alluded to or did not previously present to the Court.  When a moving party becomes aware of facts that are newly discovered, those facts may form the basis of a motion for reconsideration.  *See Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D.N.J. 2004) (describing three reasons upon which reconsideration may be granted).  But where, like here, those facts were within the province of the moving party's knowledge at the time of the underlying motion, those facts should not be considered.  *See White v. City of Trenton*, 848 F.Supp.2d 497, 500 (D.N.J. 2012) ("A timely motion for reconsideration may be granted [based] upon . . . the availability new evidence *that was not available when the court granted the motion ....*") (emphasis added); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."). *Cf. id.* (affirming district court's refusal to consider plaintiff's affidavit in its disposition on motion for reconsideration where affidavit "contained evidence that was available prior to the [underlying] summary judgment motion") (applying Eastern District of Pennsylvania's local rule).  For example, Plaintiff argues that the Court was under the mistaken belief that only one witness—Plaintiff's principal, Mr. Hautz—would be required to travel to Wisconsin.  Plaintiff now states that, instead, eighteen witnesses must travel to Wisconsin.  Putting aside whether, in

the Court's view, Plaintiff would actually need to call eighteen witnesses to prove a relatively straightforward construction contract claim, the number of witnesses that Plaintiff would need to call was a fact well within Plaintiff's knowledge at the time of Defendants' motion. Indeed, the only fact that is truly new is that Mr. Hautz is scheduled to undergo hernia surgery and that he will require time to recover before traveling.

Even if I were to consider all the additional facts Plaintiff now seeks to present, I would nonetheless affirm my prior ruling under Wisconsin law. Plaintiff urges consideration of the following facts:

> a. that he plans to call eighteen witnesses;
> b. the contract was performed only in New Jersey;
> c. the attorney for Defendant Lakeview has objected to Mr. Hautz testifying by phone;
> d. Mr. Hautz cannot afford to travel to Wisconsin;
> e. Mr. Hautz will shortly undergo hernia surgery and will need eight weeks to recover;
> f. Plaintiff's Counsel cannot travel to Wisconsin as a result of health issues for which he receives weekly treatments; and
> g. Defendant H&M is located in New Jersey and its corporate offices in New York.[3]

Pl. Opp. at 5.

Under Wisconsin law, a party challenging a forum selection clause bears the burden of establishing that the provision is both procedurally and substantively unconscionable. In determining whether procedural unconscionability exists, Wisconsin courts look to factors relating to the formation of the contract: "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms would have been

---

[3] Plaintiff argues that the Court's November 20th decision inaccurately states that H&M is located in Wisconsin.

7

permitted by the drafting party, and whether there were alternative providers of the subject matter of the contract." *Cottonwood Financial, Ltd. v. Estes*, 810 N.W.2d 852, 856 (Wis. Ct. App. 2012). To determine whether substantive unconscionability exists, courts consider "the fairness and reasonableness of the contract provision subject to challenge ...." *Id.* at 856-57. Specifically, courts consider whether "the terms of a contract are unreasonably favorable to the more powerful party" and "lie outside the limits of what is reasonable or acceptable." *Id.* at 857.

None of Plaintiff's proposed facts relate to procedural unconscionability. That is, Plaintiff does not argue that Mr. Hautz, as the signatory to the subcontracts on behalf of Hautz Construction, lacked business acumen or that the forum selection clause therein was printed in small, illegible type. Indeed, Plaintiff's Counsel acknowledged at oral argument that the forum selection clause is "no less visible than any other[ provisions] that appear in the [subcontracts]." Hrg. Tr. 7:5-10. Moreover, as Wisconsin courts have emphasized, businesspersons have an obligation to read the agreements they sign:

> Failure to read a contract, particularly in a commercial contract setting, is not an excuse that relieves a person from the obligations of the contract. "Men, in their dealings with each other, cannot close their eyes to the means of knowledge equally accessible to themselves and those with whom they deal, and then ask courts to relieve them from the consequences of their lack of vigilance." *Nauga, Inc. v. Westel Milwaukee Co., Inc.*, 216 Wis.2d 306, 314-15, 576 N.W.2d 573 (Ct. App.1998) (quoting this court's decision in *Carney-Rutter Agency v. Central Office Bldgs.*, 263 Wis. 244, 252-253, 57 N.W.2d 348 (1953)).

*See Pietroske, Inc. v. Globalcom, Inc.*, 685 N.W.2d 884, 889 (Wis. Ct. App. 2004). Accordingly, Plaintiff has not pointed to any facts that would warrant a finding of procedural unconscionability.

With regard to substantive unconscionability, as I noted in my November 20th Opinion, Wisconsin courts have found it reasonable for a forum selection clause to designate the headquarters of one of the parties as the situs for the arbitration. *See id.* at 451 ("It is reasonable for Globalcom to select its headquarters' city as the forum of choice; all of Globalcom's records and employee-witnesses would be located there."). That the construction work was performed in New Jersey does not undercut this holding.

Furthermore, while Plaintiff suggests that he will need to call eighteen witnesses to prove his case and that the need for this large number of witnesses to travel to Wisconsin, that alone does not render the forum selection clause unreasonable. Indeed, as I noted in my November 20th decision, Plaintiff may seek to have himself participate telephonically. This holds true for any other witnesses he chooses to call as well.[4] That defense counsel may have objected to telephonic witness participation is also of no moment; it is the arbitrator who decides how to conduct the proceedings.[5] Plaintiff further argues that Mr. Hautz cannot afford to travel to Wisconsin, and that he will shortly undergo hernia surgery and will need eight weeks to recover.

---

[4] In addition, the Court briefly addresses Plaintiff's perplexing attempt to distinguish *Leasefirst v. Hartford Rexall Drugs, Inc.*, 483 N.W.2d 585 (Wis. Ct. App. 1992). That case found a forum selection clause substantively unconscionable where the clause granted the defendant corporation the exclusive right to choose the forum in which suit could be brought. *Id.* at 588. Plaintiff argues that "the facts of this case are fundamentally distinguishable from the instant case, since more than eighteen witnesses are necessary to present the Plaintiff's case ...." Pl. Opp. at 5. Noticeably, however, *Leasefirst* makes no mention of the number of witnesses and, since *Leasefirst* finds the clause at issue unconscionable, it would appear to be a case that Plaintiff would seek to rely upon rather than distinguish.

[5] In this connection, the Court notes that Defendants have supplemented the record with a recent ruling by the arbitrator in which the arbitrator ruled that *all* of Plaintiff's witnesses may participate telephonically. *See* Green Cert. dated January 15, 2013, Exh. 1.

Again, these are facts that the arbitrator may consider in determining how to conduct and schedule the proceedings.[6]

Lastly, Plaintiff urges the Court to consider that Defendant H&M is located in New Jersey and its corporate offices in New York. Upon review of my November 20th decision, it appears that there is a typographical error therein. The Opinion states that H&M is located in Wisconsin when, it is clear from the context of the Opinion, that it should read that Lakeview is located in Wisconsin. However, that H&M is not located in Wisconsin, does not alter my ruling. As noted, Lakeview is located in Wisconsin and Wisconsin courts have found no lack of substantive unconscionability where the forum selection clause designates the headquarters of one of the parties as the situs for the arbitration. *Pietroske*, 685 N.W.2d at 451. *See also Kohler Co. v. Wixen*, 555 N.W.2d 640 (Wis. Ct. App. 1996) ("[It is] not unreasonable for a large multinational corporation headquartered in Wisconsin to draft a contract requiring all litigation between it and a distributor to take place in its home state.") *Compare First Federal Financial Service, Inc. v. Derrington's Chevron, Inc.*, 602 N.W.2d 144 (Wis. Ct. App. 1999) (holding Wisconsin forum selection clause substantively unconscionable where *all* defendants were located outside Wisconsin). Moreover, while H&M is located out-of-state, it has not objected to holding the arbitration in Wisconsin.

In sum, despite Plaintiff's arguments to the contrary, its "newly" presented facts do not demonstrate that the subcontracts' forum selection clause "lie[s] outside the limits of what is

---

[6] This same rationale applies to Plaintiff's argument that its counsel cannot travel to Wisconsin as a result of health issues for which he receives weekly treatments.

reasonable or acceptable." *Cottonwood*, 810 N.W.2d at 857.[7]  Therefore, I see no reason to reconsider my November 20th decision.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's request for reconsideration is denied.

Dated: January 28, 2013  /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

[7] To the extent that Plaintiff is fashioning its request as one to transfer the venue of the arbitration from Wisconsin to New Jersey, in a case such as this where the court has determined that Plaintiff's claims are arbitrable, several circuits have held that "venue is a procedural issue that [the] *arbitrators* should address in the first instance," rather than the court. *UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 655 (2d Cir. 2011) (emphasis added). *See, e.g., Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 5 (1st Cir. 2004) ("the dispute between the parties is concededly arbitrable, [therefore] determining the place of the arbitration is simply a procedural matter and hence for the arbitrator"); *Cent. W. Va. Energy, Inc. v. Bayer Cropscience LP*, 645 F.3d 267, 274 (4th Cir. 2011) ("a venue dispute [is] appropriate for arbitral resolution"); *LodgeWorks, L.P. v. C.F. Jordan Const.*, LLC, 2012 WL 6621679, *3 (10th Cir. 2012) (concluding that arbitrators–rather than court—should make determination as to venue). While it appears that the Third Circuit has not ruled upon this issue, nothing in this Court's rulings bars Plaintiff from seeking an order to transfer venue from the arbitrator. As explained in my November 20th Opinion, I did not compel arbitration in Wisconsin but rather dismissed Plaintiff's suit to permit Plaintiff to file an arbitration request consistent with the subcontracts' forum selection clause.